UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| DANIEL MARTIN, ) | | |
| ) | | |
| Movant, ) | | |
| ) | | |
| v. ) | | CV420-046 |
| ) | | CR417-208 |
| UNITED STATES OF AMERICA, ) | | |
| ) | | |
| Respondent. ) | | |

## REPORT AND RECOMMENDATION

Daniel Martin pleaded guilty to, and was convicted of, one count of conspiracy to possess with intent to distribute and to distribute 50 kilograms or more of marijuana. Doc. 576.[1] On March 4, 2020, a third-party "Michael J. Dee," filed a 28 U.S.C. § 2255 motion on Martin's behalf. *See* doc. 760 at 6. Dee's response to the form's prompt to "state [the signer's] relationship to movant and explain why movant is not signing this motion," states, in its entirety:

> This requirement is by the court. It is to limit who "someone" can be to have standing to file on behalf of a person deprived of liberty and habeas relief. Any limitation by the court on who "someone" can be, is above the law.
> "Application for a writ of habeas corpus shall be in writing signed . . . by someone acting in his behalf." Title 28 U.S.C.

---

[1] The Court is citing to the criminal docket in CR417-208 unless otherwise noted.

> 2242.  The only requirement of "someone" is that Mr. Martin has standing and "authorized to apply."  28 U.S.C. 2255(e).  The law is the law.
>    On his behalf, I am asking to court to apply strict scrutiny standard of review to determine if the government has compelling reasons for proscribing marijuana as a controlled dangerous substance to deprive him of his constitutional right of liberty, freedom from physical restraint.
>    Very simple and not frivolous.
>    "The province of the court is, solely, to decide on the rights of individuals, . . ."  Marbury v. Madison, 5 U.S. 137, 170 (1803).

*Id.*  For the reasons explained below, the Court should find that Dee lacks standing and **DISMISS** this Motion.

Courts recognize that "the law expressly permits a 'next friend' to file a § 2255 motion on behalf of a prisoner unable to do so himself."  *See Roulhac v. United States*, 2014 WL 1901868, at *5 (E.D. Va. Apr. 30, 2014) (citing 28 U.S.C. § 2242; Rule 2(b), Rules Governing Section 2255 Proceedings).  However, limitations on representative standing to pursue *habeas corpus* relief "are driven by the recognition that it was not intended that the writ of habeas corpus should be availed of, as a matter of course, by intruders or uninvited meddlers, styling themselves next friend."  *Whitmore v. Arkansas*, 495 U.S. 149, 164 (1990) (internal quotations and citations omitted).  Moreover, this Court has recognized that "next friend" standing, "does not entitle the representative to pursue

2

the case *pro se*." *Coleman v. Unnamed Respondent*, 2017 WL 619013, at *1 (S.D. Ga. Feb. 15, 2017) (citing *Weber v. Garza*, 570 F.2d 511, 514 (5th Cir. 1978) ("[I]ndividuals not licensed to practice law by the state may not use the 'next friend' device as an artifice for the unauthorized practice of law.")).[2]  "Absent 'next friend' status, an individual lacks Article III standing to file a [habeas] petition on another's behalf, thus stripping the district court of jurisdiction to consider the petition." *Francis v. Warden, FCC Coleman-USP*, 246 F. App'x 621, 622 (11th Cir. 2007).

The Supreme Court, and other courts, have "adopted a strict test for determining the validity of asserted next friend status."  *Roulhac*, 2014 WL 1901868, at *5.  In *Whitmore v. Arkansas*, the Supreme Court explained " 'next friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another." 495 U.S. at 163.  The Court required that the purported "next friend," "provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own

---

[2] Recently, the Eleventh Circuit has described the question of "if and when a next friend may proceed *pro se*," in the context of habeas petitions as "less settled." *Wint by and through Wint v. Florida Palm Beach Sheriff*, 842 F. App'x 468, 471 (11th Cir. 2021).  Since, as discussed below, Dee has not qualified as a "next friend," the question of whether he could occupy that status *pro se* is moot.

3

behalf to prosecute the action." *Id.* The purported "next friend" must also demonstrate that he or she is "truly dedicated to the best interests of the person on whose behalf he seeks to litigate." *Id.* Although the Court did not expressly require it, it noted that "it has been further suggested that a 'next friend' must have some significant relationship with the real party in interest." *Id.* at 163-64. "The burden is on the 'next friend to clearly establish the propriety of his status and thereby justify the jurisdiction of the court." *Id.* at 164.

Dee's assertion of "next friend" standing is wholly devoid of any allegation that Martin is, in any way, prevented from appearing on his own behalf, that Dee is "truly dedicated to the best interests" of Martin, or that he has any "significant relationship" to Martin. *See generally* docs. 760 & 760-1[3]. In the absence of any allegation that he satisfies the requirements to proceed as Martin's "next friend," Dee lacks Article III

---

[3] The content of the "memorandum," attached to the motion strongly suggests that Dee has no connection to Martin at all. He repeatedly asserts, consistent with the language of § 2242, that he is "someone." *See* doc. 760-1 at 1 ("I am someone and the applicant on behalf of Mr. Martin."). Although he does not disclaim any relationship, he does assert that "[i]t is not necessary that the applicant has a relationship with Mr. Martin." *Id.* at 2. His stated basis for bringing this motion is "not to determine [Martin's] guilt or innocence[,]" but "to determine the compelling reasons for the marijuana laws . . . ." *Id.* at 2. To the extent that Dee is a stranger to Martin, with no more interest in his case than challenging the legitimacy of federal controlled-substances law, the Court has serious doubts that he is "truly dedicated to the best interests of" Martin. *Whitmore*, 495 U.S. at 163.

4

standing to file this motion, and this Court lacks jurisdiction to consider it. It should, therefore, be **DISMISSED**, doc. 760, and that civil action CV420-046 should be **DISMISSED** in its entirety.

Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1–2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant") (emphasis added).

This Report and Recommendation (R&R) is submitted to the district court judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this 6th day of June, 2022.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA